and in furtherance of such attempted robbery, caused the death of Ledgister.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

### COUNT THREE

**(Murder of Dykeem Etheridge in Aid of Racketeering)**

The Grand Jury further charges:

15.    Paragraphs 12 and 13 of Count Two of this Indictment are repeated and incorporated by reference as though fully set forth herein.

16.    On or about January 24, 2011, in the Southern District of New York, KAREEM LANIER, a/k/a "Black," a/k/a "Reem," the defendant, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the YGz, and for the purpose of gaining entrance to and maintaining and increasing position in the YGz, an enterprise engaged in racketeering activity, as described above, knowingly murdered Dykeem Etheridge in the vicinity of Courtlandt Avenue between 153rd and 154th Streets, Bronx, New York, in violation of New York Penal Law, Section 125.25, in that, (i) with intent to cause the death of Etheridge, LANIER caused the death of Etheridge; and (ii) under circumstances evincing a depraved indifference to human life, LANIER recklessly engaged in conduct

which created a grave risk of death to another person, and thereby caused the death of Etheridge.

(Title 18, United States Code, Section 1959(a)(1).)

## COUNT FOUR

### (Murder of Taisheem Ferguson in Aid of Racketeering)

The Grand Jury further charges:

17. Paragraphs 12 and 13 of Count Two of this Indictment are repeated and incorporated by reference as though fully set forth herein.

18. On or about December 22, 2011, in the Southern District of New York, JASON MOYE, a/k/a "Tall Jay," ANDY SEDA, a/k/a "Andwhite," and JAROD SLATER, a/k/a "Rod," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the YGz, and for the purpose of gaining entrance to and maintaining and increasing position in the YGz, an enterprise engaged in racketeering activity, as described above, MOYE, SEDA, and SLATER knowingly murdered and aided and abetted the murder of Taisheem Ferguson, a/k/a "Trey," in the vicinity of Morris Avenue and 151st Street, Bronx, New York, in violation of New York Penal Law, Sections 125.25 and 20.00, in that, (i) with intent to cause the death of another person, MOYE, SEDA, and SLATER caused the death of Ferguson; and (ii) under circumstances evincing a depraved indifference to human life, MOYE, SEDA, and SLATER

- 17 -

recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Ferguson.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT FIVE

### (Murder of Moises Lora in Aid of Racketeering)

The Grand Jury further charges:

19.   Paragraphs 12 and 13 of Count Two of this Indictment are repeated and incorporated by reference as though fully set forth herein.

20.   On or about April 16, 2012, in the Southern District of New York, WENDELL BELLE, a/k/a "Delly Dell," WILLIAM BRACY, a/k/a "Rel," and ANTHONY REDDICK, a/k/a "Ant Flocka," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the YGz, and for the purpose of gaining entrance to and maintaining and increasing position in the YGz, an enterprise engaged in racketeering activity, as described above, BELLE, BRACY, and REDDICK knowingly murdered and aided and abetted the murder of Moises Lora, a/k/a "Noah," in the vicinity of 700 Morris Avenue, Bronx, New York, in violation of New York Penal Law, Sections 125.25 and 20.00, in that, (i) with intent to cause the death of Lora, BELLE, BRACY, and REDDICK caused the death of Lora; and (ii) under circumstances evincing a depraved indifference to human life, BELLE, BRACY, and REDDICK recklessly

engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Lora.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT SIX

### (Assault and Attempted Murder in Aid of Racketeering)

The Grand Jury further charges:

21. Paragraphs 12 and 13 of Count Two of this Indictment are repeated and incorporated by reference as though fully set forth herein.

22. On or about November 16, 2013, in the Southern District of New York, WENDELL BELLE, a/k/a "Delly Dell," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the YGz, and for the purpose of gaining entrance to and maintaining and increasing position in the YGz, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon; attempted to murder an individual; and aided and abetted the same, to wit, BELLE aided and abetted the commission of a shooting in an attempt to murder members of a rival gang, resulting in a bystander, namely Victim-9, being shot and injured, in the vicinity of East 158th Street and Park Avenue in the Bronx,

New York, in violation of New York Penal Law, Sections 120.05, 125.25, 110.00, and 20.00.

(Title 18, United States Code,
Sections 1959(a)(3), 1959(a)(5) and 2.)

## COUNT SEVEN

### (Assault and Attempted Murder in Aid of Racketeering)

The Grand Jury further charges:

23.   Paragraphs 12 and 13 of Count Two of this Indictment are repeated and incorporated by reference as though fully set forth herein.

24.   On or about May 12, 2015, in the Southern District of New York, RASHAAD CONYERS, a/k/a "Houli," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the YGz, and for the purpose of gaining entrance to and maintaining and increasing position in the YGz, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly assaulted an individual with a dangerous weapon; attempted to murder an individual; and aided and abetted the same, to wit, CONYERS fired gunshots in a rival gang's territory in the vicinity of 328 East 145th Street, Bronx, New York with the intent to murder such members of that rival gang, in

- 20 -

violation of New York Penal Law, Sections 120.05, 120.14(1), 120.20, 125.25, and 110.00, and 20.00.

(Title 18, United States Code,
Sections 1959(a)(3), 1959(a)(5), and 2.)

### COUNT EIGHT

**(Conspiracy to Commit Assault in Aid of Racketeering)**

The Grand Jury further charges:

25.    Paragraphs 12 and 13 of Count Two of this Indictment are repeated and incorporated by reference as though fully set forth herein.

26.    On or about July 14, 2016, in the Southern District of New York and elsewhere, DONOVAN REYNOLDS, a/k/a "Donnie Gz," and KYLE HINES, a/k/a "Forty," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the YGz, and for the purpose of gaining entrance to and maintaining and increasing position in the YGz, an enterprise engaged in racketeering activity, as described above, knowingly conspired to assault Victim-12 with a dangerous weapon, to wit, while detained pending trial in this case at the MDC, REYNOLDS and HINES agreed with others to assault Victim-12 with what appeared to be a scalpel, in violation of New York Penal Law, Sections 120.00, 120.05, 120.06, and 105.10, and 105.15.

(Title 18, United States Code, Section 1959(a)(6).)

- 21 -

### NARCOTICS VIOLATIONS

### COUNT NINE

### (Narcotics Conspiracy)

The Grand Jury further charges:

27.    From at least in or about 2005 up to and including in or about August 2016, in the Southern District of New York and elsewhere, RAMEL MATTHEWS, a/k/a "Ra," ANDY SEDA, a/k/a "Andwhite," CHRISTOPHER IVEY, a/k/a "Light Eyes," DAVOUN MATTHEWS, a/k/a "Juice," ORENZO HARRELL, a/k/a "Oey," DAVAUGHN BROOKS, a/k/a "Day Day," a/k/a "Dolla," SOLOMON ALUKO, a/k/a "Dodie," and KYLE HINES, a/k/a "Forty," the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

28.    It was a part and an object of the conspiracy that RAMEL MATTHEWS, SEDA, IVEY, DAVOUN MATTHEWS, HARRELL, BROOKS, ALUKO, and HINES, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

29.    The controlled substances involved in the offense were (a) 28 grams and more of cocaine base in a form commonly known as "crack," in violation of Title 18, United States Code, Section 841(b)(1)(B); (b) a quantity of mixtures and substances containing

a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(C); and (c) a quantity of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(D).

(Title 21, United States Code, Section 846.)

### FIREARMS VIOLATIONS

### COUNT TEN

### (Use of Firearms for the Murder of Darrel Ledgister)

The Grand Jury further charges:

30.    On or about June 27, 2009, in the Southern District of New York, RAMEL MATTHEWS, a/k/a "Ra," and HASWANI TYSON, a/k/a "Swani," the defendants, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the murder of Darrel Ledgister in aid of racketeering charged in Count Two of this Indictment, willfully and knowingly did use and carry firearms, and, in furtherance of such crime of violence, did possess firearms, and did aid and abet such use, carrying, and possession of firearms, and in the course of that crime of violence did cause the death of a person through the use of at least one of those firearms, namely the death of Ledgister, which killing is murder as defined in Title 18, United States Code, Section 1111(a).

(Title 18, United States Code, Sections 924(j)(1) and 2.)

- 23 -

## COUNT ELEVEN

### (Use of a Firearm for the Murder of Dykeem Etheridge)

The Grand Jury further charges:

31. On or about January 24, 2011, in the Southern District of New York, KAREEM LANIER, a/k/a "Black," a/k/a "Reem," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the murder of Dykeem Etheridge in aid of racketeering charged in Count Three of this Indictment, willfully and knowingly did use and carry a firearm, and, in furtherance of such crime of violence, did possess a firearm, and in the course of that crime of violence did cause the death of a person through the use of a firearm, namely the death of Etheridge, which killing is murder as defined in Title 18, United States Code, Section 1111(a).

(Title 18, United States Code, Section 924(j)(1).)

## COUNT TWELVE

### (Use of Firearms for Murder of Taisheem Ferguson)

The Grand Jury further charges:

32. On or about December 22, 2011, in the Southern District of New York, JASON MOYE, a/k/a "Tall Jay," ANDY SEDA, a/k/a "Andwhite," and JAROD SLATER, a/k/a "Rod," the defendants, and other known and unknown, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the murder of Taisheem Ferguson, a/k/a "Trey," in

- 24 -

aid of racketeering charged in Count Four of this Indictment, willfully and knowingly did use and carry a firearm, and, in furtherance of such crime of violence, did possess a firearm, and did aid and abet such use, carrying, and possession of a firearm, and in the course of that crime of violence did cause the death of a person through the use of a firearm, namely the death of Ferguson, which killing is murder as defined in Title 18, United States Code, Section 1111(a).

(Title 18, United States Code, Sections 924(j)(1) and 2.)

### COUNT THIRTEEN

### (Use of Firearms for Violent Racketeering Conspiracy)

The Grand Jury further charges:

33.     From at least in or about 2005, up to and including in or about August 2016, in the Southern District of New York, RAMEL MATTHEWS, a/k/a "Ra," WENDELL BELLE, a/k/a "Delly Dell," WILLIAM BRACY, a/k/a "Rel," KAREEM LANIER, a/k/a "Black," a/k/a "Reem," ANDY SEDA, a/k/a "Andwhite," JASON MOYE, a/k/a "Tall Jay," CHRISTERHER IVEY, a/k/a "Light Eyes," DAVOUN MATTHEWS, a/k/a "Juice," RASHAAD CONYERS, a/k/a "Houli," ORENZO HARRELL, a/k/a "Oey," SOLOMON ALUKO, a/k/a "Dodie," DAVAUGHN BROOKS, a/k/a "Day Day," a/k/a "Dolla," DONOVAN REYNOLDS, a/k/a "Donnie Gz," the defendants, and others known and unknown, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the racketeering conspiracy charged

- 25 -

in Count One of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crime of violence, did possess firearms, and did aid and abet such use, carrying, and possession of firearms, several of which were brandished and discharged on multiple occasions.

(Title 18, United States Code,
Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii),
924(c)(1)(A)(iii), 924(c)(1)(C)(i) and 2.)

## SPECIAL FINDINGS

### SPECIAL FINDINGS AS TO RAMEL MATTHEWS

34.    Counts Two and Ten of this Indictment are repeated and incorporated by reference as though fully set forth herein. As to Count Two of this Indictment, charging the murder of Darrel Ledgister in aid of racketeering, and Count Ten of this Indictment, charging the use of firearms during and in relation to that crime of violence, defendant RAMEL MATTHEWS, a/k/a "Ra":

a.    was 18 years of age or older at the time of the offenses;

b.    intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offenses, and Darrel Ledgister died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

c.    intentionally and specifically engaged in an act of

- 26 -

violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offenses, such that participation in the act constituted a reckless disregard for human life and Darrel Ledgister died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

d.    committed the murder of Darrel Ledgister in aid of racketeering charged in Count Two of this Indictment after having previously been convicted on or about February 3, 2006, in Bronx County Supreme Court, of attempted murder in violation of New York Penal Law § 125.25(01), a class B felony, which involved the use of a firearm against another person (Title 18, United States Code, Section 3592(c)(2));

e.    in the commission of the offenses, knowingly created a grave risk of death to one or more persons in addition to the victim of the offenses (Title 18, United States Code, Section 3592(c)(5)); and

f.    committed the offenses in the expectation of the receipt of something of pecuniary value (Title 18, United States Code, Section 3592(c)(8)).

### SPECIAL FINDINGS AS TO KAREEM LANIER

35.    Counts Three and Eleven of this Indictment are repeated and incorporated by reference as though fully set forth herein. As to Count Three of this Indictment, charging the murder of Dykeem Etheridge in aid of racketeering, and Count Eleven of

- 27 -

this Indictment, charging the use of a firearm during and in relation to that crime of violence, defendant KAREEM LANIER, a/k/a "Black," a/k/a "Reem":

      a.   was 18 years of age or older at the time of the offense;

      b.   intentionally killed Dykeem Etheridge (Title 18, United States Code, Section 3591(a)(2)(A));

      c.   intentionally inflicted serious bodily injury that resulted in the death of Dykeem Etheridge (Title 18, United States Code, Section 3591(a)(2)(B));

      d.   intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Dykeem Etheridge died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(c));

      e.   intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Dykeem Etheridge died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D)); and

      f.   in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the

victim of the offense (Title 18, United States Code, Section 3592(c)(5)).

## SPECIAL FINDINGS AS TO JASON MOYE

36. Counts Four and Twelve of this Indictment are repeated and incorporated by reference as though fully set forth herein. As to Count Four of this Indictment, charging the murder of Taisheem Ferguson, a/k/a "Trey," in aid of racketeering, and Count Twelve of this Indictment, charging the use of a firearm during and in relation to that crime of violence, defendant JASON MOYE, a/k/a "Tall Jay":

a. was 18 years of age or older at the time of the offense;

b. intentionally killed Taisheem Ferguson (Title 18, United States Code, Section 3591(a)(2)(A));

c. intentionally inflicted serious bodily injury that resulted in the death of Taisheem Ferguson (Title 18, United States Code, Section 3591(a)(2)(B));

d. intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Taisheem Ferguson died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(c));

e. intentionally and specifically engaged in an act of

- 29 -

violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Taisheem Ferguson died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

     f.   in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5)); and

     g.   intentionally killed or attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

SPECIAL FINDINGS AS TO ANDY SEDA

     37.  Counts Four and Twelve of this Indictment are repeated and incorporated by reference as though fully set forth herein. As to Count Four of this Indictment, charging the murder of Taisheem Ferguson, a/k/a "Trey," in aid of racketeering, and Count Twelve of this Indictment, charging the use of a firearm during and in relation to that crime of violence, defendant ANDY SEDA, a/k/a "Andwhite":

     a.   was 18 years of age or older at the time of the offense;

     b.   intentionally killed Taisheem Ferguson (Title 18, United States Code, Section 3591(a)(2)(A));

- 30 -

c.    intentionally inflicted serious bodily injury that resulted in the death of Taisheem Ferguson (Title 18, United States Code, Section 3591(a)(2)(B));

d.    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Taisheem Ferguson died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(c));

e.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Taisheem Ferguson died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

f.    in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5)); and

g.    intentionally killed or attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

### SPECIAL FINDINGS AS TO WENDELL BELLE

38.    Count Five of this Indictment is repeated and

- 31 -

incorporated by reference as though fully set forth herein. As to Count Five of this Indictment, charging the murder of Moises Lora, a/k/a "Noah" in aid of racketeering, defendant WENDELL BELLE, a/k/a "Delly Dell":

a.     was 18 years of age or older at the time of the offense;

b.     intentionally killed Moises Lora (Title 18, United States Code, Section 3591(a)(2)(A));

c.     intentionally inflicted serious bodily injury that resulted in the death of Moises Lora (Title 18, United States Code, Section 3591(a)(2)(B));

d.     intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Moises Lora died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(c));

e.     intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Moises Lora died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D));

f.     committed the offense in an especially heinous,

- 32 -

cruel, and depraved manner in that it involved torture or serious physical abuse to the victim (Title 18, United States Code, Section 3592(c)(6)); and

g.    killed a victim who was particularly vulnerable due to youth and infirmity (Title 18, United States Code, Section 3592(c)(11)).

### FORFEITURE ALLEGATION AS TO COUNT ONE

39. As a result of committing the offense charged in Count One of this Indictment, RAMEL MATTHEWS, a/k/a "Ra," WENDELL BELLE, a/k/a "Delly Dell," WILLIAM BRACY, a/k/a "Rel," KAREEM LANIER, a/k/a "Black," a/k/a "Reem," JASON MOYE, a/k/a "Tall Jay," RASHAAD CONYERS, a/k/a "Houli," ANDY SEDA, a/k/a "Andwhite," JAROD SLATER, a/k/a "Rod," DONOVAN REYNOLDS, a/k/a "Donnie Gz," HASWANI TYSON, a/k/a "Swani," ANTHONY REDDICK, a/k/a "Ant Flocka," CHRISTOPHER IVEY, a/k/a "Light Eyes," ORENZO HARRELL, a/k/a "Oey," SOLOMON ALUKO, a/k/a "Dodie," DAVOUN MATTHEWS, a/k/a "Juice," DAVAUGHN BROOKS, a/k/a "Day Day," a/k/a "Dolla," and KYLE HINES, a/k/a "Forty," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963:

a.    any interest acquired or maintained as a result of the offense charged in Count One;

b.    any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise established,

- 33 -

operated, controlled, conducted, or participated in the conduct of as a result of the offense charged in Count One; and

c.    any property constituting, or derived from, any proceeds obtained, directly or indirectly, from the racketeering activity charged in Count One.

40.    The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1), and (3), include but are not limited to, a sum that represents the gross proceeds received by the defendants pursuant to their racketeering activities as charged in Count One of the Indictment during the relevant time period charged in the Indictment and all interests and proceeds traceable thereto.

41.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty;

- 34 -

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

42.  The defendants are jointly and severally liable for the forfeiture obligations as charged above.

(Title 18, United States Code, Section 1963.)

## FORFEITURE ALLEGATION AS TO COUNT NINE

43.  As a result of committing the controlled substance offense charged in Count Nine of this Indictment, RAMEL MATTHEWS, a/k/a "Rah," ANDY SEDA, a/k/a "Andwhite," CHRISTOPHER IVEY, a/k/a "Light Eyes," ORENZO HARRELL, a/k/a "Oey," DAVOUN MATTHEWS, a/k/a "Juice," DAVAUGHN BROOKS, a/k/a "Day Day," a/k/a "Dolla," SOLOMON ALUKO, a/k/a "Dodie," and KYLE HINES, a/k/a "Forty," the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation charged in Nine of this Indictment, including but not limited to, a sum in United States currency representing the amount of all proceeds obtained as a result of the controlled substance offense charged in Count Nine of the Indictment.

- 35 -

## SUBSTITUTE ASSET PROVISION

44.    If any of the above-described forfeitable property,
as a result of any act or omission of the defendants:

a.    cannot    be    located    upon    the    exercise    of    due
diligence;

b.    has been transferred or sold to, or deposited with,
a third person;

c.    has    been    placed    beyond    the    jurisdiction    of    the
Court;

d.    has been substantially diminished in value; or

e.    has    been    commingled    with    other    property    which
cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United
States Code, Section 853(p), to seek forfeiture of any other
property of said defendants up to the value of the above
forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846 and 853.)

_____

FOREPERSON

_Dec. 7, 2016_

_____

PREET BHARARA  ~~NBH~~
United States Attorney

- 36 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

RAMEL MATTHEWS, a/k/a "Ra," WENDELL BELLE, a/k/a "Delly Dell,"
WILLIAM BRACY, a/k/a "Rel," KAREEM LANIER, a/k/a "Black," a/k/a
"Reem," JASON MOYE, a/k/a "Tall Jay," RASHAAD CONYERS, a/k/a
"Houli," ANDY SEDA, a/k/a "Andwhite," JAROD SLATER, a/k/a "Rod,"
DONOVAN REYNOLDS, a/k/a "Donnie Gz," HASWANI TYSON, a/k/a
"Swani," ANTHONY REDDICK, a/k/a "Ant Flocka," CHRISTOPHER IVEY,
a/k/a "Light Eyes," ORENZO HARRELL, a/k/a "Oey," SOLOMON ALUKO,
a/k/a "Dodie," DAVOUN MATTHEWS, a/k/a "Juice," DAVAUGHN BROOKS,
a/k/a "Day Day," a/k/a "Dolla," and KYLE HINES, a/k/a "Forty,"

Defendants.

SEALED SUPERSEDING INDICTMENT

S13 15 Cr. 537 (VEC)

(18 U.S.C. §§ 1962, 1959, 924(j),
924(c), and 2, and 21 U.S.C. § 846.)

PREET BHARARA
United States Attorney.

**A TRUE BILL**

Foreperson.

*Dec. 7, 2016*

12/07/16

Filed Superseding Indictment
Arrest Warrant Issued
Judge Parker