USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/22/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

KAREEM LANIER,                                       :
                                                     :
                                Petitioner,          :        15-CR-537 (VEC)
                                                     :        23-CV-4939 (VEC)
                -against-                             :
                                                     :             OPINION
UNITED STATES OF AMERICA,                            :
                                                     :
                                Respondent.          :
-------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

Kareem Lanier pled guilty pursuant to a plea agreement to the charges set forth in a Superseding Information: two counts of using a firearm during a crime of violence (Counts One and Two) and conspiracy (Count Three).  *See* Superseding Information, Dkt. 1051.  On December 8, 2017, Mr. Lanier was sentenced to 480 months' imprisonment.  *See* Sentencing Tr. at 35, Dkt. 1241.

On June 12, 2023, Mr. Lanier filed this § 2255 petition, arguing that his conviction on Count Two of the Superseding Information is unlawful, as it lacked a valid predicate offense. *See* Pet. at 5–7, Dkt. 1839.  Mr. Lanier also filed a motion for compassionate release pursuant to 18 U.S.C. § 3582.  *See id.* at 8–10.  The Government opposed both.  *See* Opp., Dkt. 1844.  For the reasons discussed below, Mr. Lanier's § 2255 petition and his § 3582 motion are both DENIED.

## BACKGROUND

On June 12, 2017, after several indictments had been returned against him,[1] Mr. Lanier waived indictment and pled guilty to the charges in a Superseding Information.  Change of Plea

---

[1]      Prior to the Superseding Information being filed, the operative indictment against Mr. Lanier was numbered S16 15 CR 537, Dkt. 754.  That indictment charged Mr. Lanier with racketeering conspiracy, in violation

Tr. at 44, Dkt. 1269.  Counts One and Two of the Superseding Information charged Mr. Lanier with using, carrying, and discharging a firearm during federal crimes of violence (namely a murder in aid of racketeering and an attempted murder in aid of racketeering).  Superseding Information ¶¶ 12.  Because Mr. Lanier pled guilty to two section 924(c) counts, the second count carried a mandatory minimum consecutive sentence of 25 years.  *See id.*; Sentencing Tr. at 4.[2]  Count Three charged Mr. Lanier with conspiracy to engage in a pattern of racketeering activity in violation of 18 U.S.C § 371.  Superseding Information ¶¶ 3–8.

In his plea agreement, Mr. Lanier stipulated that the guidelines sentence was 480 months with a mandatory minimum term of imprisonment of 420 months.  Plea Agreement at 8.  At his June 12, 2017, change of plea hearing, Mr. Lanier confirmed: that he wished to plead guilty, Change of Plea Tr. at 6; that he had discussed the case and "the consequence of . . . pleading guilty" with his attorney, *id.* at 6–7; and that he was "satisfied" with his attorneys' representation of him, *id.* at 7.  Mr. Lanier acknowledged that he knew that the maximum possible sentence for the crimes charged was a term of imprisonment of life.  *Id.* at 20.  He stated he understood the sentencing guidelines would be considered by the Court in determining his sentence and that he had discussed the guidelines with his attorney.  *Id.* at 21–22.  He acknowledged that the Court had the discretion to impose a sentence different from the guidelines.  *Id.*  Mr. Lanier represented

---

of 18 U.S.C. § 1962(d) (Count One); murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Count Three); use of a firearm during and in connection with a crime of violence (specifically, the murder charged in Count Three) in violation of 18 U.S.C. § 924(j)(1) (Count Ten); and use of a firearm during and in connection with a crime of violence (specifically the racketeering conspiracy charged in Count One) in violation of 18 U.S.C. §§ 924(c)(1)(A)(i)–(iii), 924(c)(1)(i) and (2) (Count Twelve).  *See* S16 Indictment ¶ 1–2, 17, 30, 32.

The murder in aid of racketeering count carried a mandatory life sentence; Count Twelve carried a mandatory minimum consecutive 5-year term of imprisonment.

[2]      After the First Step Act of 2018, *see* First Step Act of 2018, § 403(a), Pub. L. No. 115–391, 132 Stat. at 5221–22 (2018), a second 924(c) conviction only triggers a 25-year mandatory minimum sentence if the second offense occurred after the earlier 924(c) conviction became final.  18 U.S.C. § 924(c)(1)(C).  That change to the law was not retroactive.

that no one had threatened him or forced him to plead guilty and that no one had made a promise

of what his sentence would be. *Id.* at 23.

Finally, Mr. Lanier agreed that he would not "appeal" or "collaterally attack" his

conviction or sentence if his sentence was 480 months or less. *Id.* at 25; *see also* Plea Agreement

at 9 ("It is agreed (i) that the defendant will not . . . bring a collateral challenge, including but not

limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241;

nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of

any sentence at or below the Stipulated Guidelines Sentence of 480 months'

imprisonment . . . ."). On December 8, 2017, the Court sentenced Mr. Lanier to 480 months'

imprisonment, within the stipulated guidelines range. *See* Sentencing Tr. at 35.

On September 5, 2018, Mr. Lanier filed a 28 U.S.C. § 2255 petition attacking both of his

firearms convictions. 2018 Pet. at 5, 7, Dkt. 1294. Prior to any action by the Court, he withdrew

his motion in response to the Second Circuit's decision in *United States v. Scott*, 990 F.3d 94 (2d

Cir. 2021). Pet. Withdrawal, Dkt. 1656.[3]

The present § 2255 petition argues that the predicate offense for one of Mr. Lanier's

weapon convictions — specifically, attempted murder — does not qualify as a "crime of

violence" under 18 U.S.C. § 924(c)(3) and, therefore, his associated § 924(c) conviction is

unlawful. Pet. at 5–7. Mr. Lanier also moves pursuant to 18 U.S.C. § 3582 for compassionate

release, primarily on the ground that "changes in the law" following his conviction provide an

---

[3]      At the request of the Government, the Court stayed Mr. Lanier's § 2255 petition pending a decision in
*Scott*. In *Scott*, the Second Circuit held that first-degree manslaughter as defined by New York state law is
categorically a crime of violence because it "necessarily involves the use of physical force." *United States v. Scott*,
990 F.3d 94, 100 (2d Cir. 2021). Mr. Lanier's 2018 petition argued that the predicate offenses for both of his §
924(c) convictions — murder in aid of racketeering and aiding and abetting attempted murder in aid of racketeering,
respectively — were not "crimes of violence" as defined by 18 U.S.C. § 924(c)(3). 2018 Pet. at 5, 7, Dkt. 1294.

"extraordinary and compelling" reason for reducing his sentence. *See id.* at 8, 23. For the reasons discussed below, both motions are DENIED.

## DISCUSSION

Pro se submissions such as Mr. Lanier's "are reviewed with 'special solicitude' and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006)).

**I.     The 28 U.S.C. § 2255 Petition**

**A.     Legal Standard**

Pursuant to 28 U.S.C. § 2255, a petitioner "may move the court which imposed the [petitioner's] sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Relief under § 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). "In ruling on a motion under § 2255, the district court is required to hold a hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013) (quoting 28 U.S.C. § 2255 (b)).

**B.     Mr. Lanier Waived His Right to Challenge His Conviction**

A collateral-attack waiver made as part of a plea agreement, including a waiver of the defendant's right to attack his sentence or conviction via § 2255, "must be enforced" if it "is clear, unambiguous, knowingly and voluntarily entered." *Cook v. United States*, 84 F.4th 118, 125 (2d Cir. 2023). This is true even if the legal landscape shifted postconviction. *Id.* The

Second Circuit has "recognized only five circumstances" where a collateral-attack waiver is unenforceable:

> (1) where the waiver was not made knowingly, voluntarily, and competently; (2) where the sentence was based on constitutionally impermissible factors, such as ethnic, racial, or other prohibited biases; (3) where the government breached the agreement containing the waiver; . . . (4) where the district court failed to enunciate any rationale for the defendant's sentence, and (5) where the waiver was unsupported by consideration.

*Id.* at 122 (cleaned up).

There is no question that Mr. Lanier knowingly, voluntarily, and competently entered into the plea agreement, including the collateral-attack waiver.  During the plea hearing, Mr. Lanier confirmed under oath that he was pleading guilty voluntarily, of his own free will, and without anyone threatening or forcing him to do so.  Change of Plea Tr. at 23, 44.  Mr. Lanier confirmed that he had read the plea agreement and discussed it with his attorney before signing it and that he knew it included a waiver of his right to collaterally attack his sentence.  *Id.* at 23–25. Before pleading guilty, Mr. Lanier confirmed that he was satisfied with his legal representation, with whom he had discussed the consequences of pleading guilty, and that he had read the Superseding Information and had discussed it with his attorney.  *Id.* at 6–7, 23.  In his § 2255 submissions, Mr. Lanier appears to concede that his plea hearing comported with Federal Rule of Criminal Procedure Rule 11, *see* Pet. at 4, and he has not argued that his plea was not knowingly and voluntarily entered.

The waiver was clearly supported by consideration.  In exchange for his promises in the plea agreement, including the collateral-attack waiver, Mr. Lanier received the Government's agreement not to pursue charges that had already been returned against Mr. Lanier that could have resulted in a much longer sentence; that is exactly the sort of consideration described as adequate in *Cook*.  *See* 84 F.4th at 125; Plea Agreement at 3.  By pleading guilty pursuant to the

plea agreement, Mr. Lanier avoided exposure to the mandatory life sentence he would have faced had he been convicted at trial.

Mr. Lanier has not argued that any of the other three *Cook* exceptions applies to his waiver. The waiver is, therefore, valid and must be enforced. Mr. Lanier's 28 U.S.C. § 2255 petition is, therefore, barred.[4]

### C.      Mr. Lanier's § 2255 Petition Would Fail on the Merits Even If He Had Not Waived His Right to Collaterally Attack His Conviction

Mr. Lanier' s § 2255 petition challenges his § 924(c) conviction as charged in Count Two of the Superseding Information. Pet. at 6. Section 924(c) makes it unlawful to use or carry a firearm during or in relation to a "crime of violence." 18 U.S.C. § 924(c)(1)(A). The statute defines a "crime of violence" as "an offense that is a felony and . . . has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id*. § 924(c)(3).

Count Two charged Mr. Lanier with using, carrying and discharging a firearm in connection with the attempted murder of Jamel Cobbs, an attempted murder that was alleged to constitute a violent crime in aid of racketeering. *See* Superseding Information ¶ 2. As alleged and as he admitted when he pled guilty, Mr. Lanier aided and abetted the attempted murder, during which a firearm was discharged. Change of Plea Tr. at 14, 39.

Mr. Lanier argues that aiding and abetting attempted murder does not meet the definition of a "crime of violence" set forth in § 924(c)(3). Pet. at 6. In support of that argument, he relies on the Supreme Court's recent decision in *United States v. Taylor*, 596 U.S. 845 (2022). Pet. at

---

[4]      Because Mr. Lanier's § 2255 petition is barred by a valid waiver of his right to collaterally attack his conviction, the Court need not address the Government's argument that it is a "successive" petition requiring authorization from the Court of Appeals. *See* Opp. at 19–21.

6–7.  The *Taylor* Court held that because attempted Hobbs Act robbery "does not require the

government to prove that the defendant used, attempted to use, or even threatened to use force

against another person or his property," 596 U.S at 851, it "does not qualify as a crime of

violence under the [§ 924(c)(3)] elements clause," *id*. at 852.  Under Mr. Lanier's reading of

*Taylor*, that means that "an inchoate crime [such] as attempt[ed] murder is no longer a

categorical crime of violence."  Pet. at 7.

    The Second Circuit has squarely rejected that argument.  In *United States v. Pastore*, the

Court made clear that "*Taylor* does not hold that attempt crimes are categorically not crimes of

violence."  83 F.4th 113, 121 (2d Cir. 2023) (quoting *Dorsey v. United States*, 76 F.4th 1277,

1283 (9th Cir. 2023)).  To the contrary, "attempted murder under New York law . . . constitutes a

crime of violence as defined in the elements clause of section 924(c)."  *Id.*  The fact that Mr.

Lanier was charged as an aider or abettor does not change the analysis.  It is well settled that the

aiding and abetting statute, 18 U.S.C. § 2, "simply makes an aider and abettor a principal, and

[that] one who aids and abets a violation of a statute has violated that statute."  *United States v.*

*Singh*, 390 F.3d 168, 186 (2d Cir. 2004) (quoting *United States v. Perry*, 643 F.2d 38, 45 (2d Cir.

1981)); *see also United States v. Hill*, 63 F.4th 335, 363 (5th Cir. 2023) (noting that "the

substantive equivalence of aiding and abetting liability with principal liability means that aiding

and abetting" a crime of violence is "itself . . .  a crime of violence").

    Because attempted murder in aid of racketeering — the predicate for the Count Two §

924(c) conviction — is a crime of violence, Mr. Lanier was properly convicted of violating §

924(c) in connection with the attempted murder of Jamel Cobbs.  Accordingly, even if Mr.

Lanier had not waived his right to collaterally attack his conviction, his § 2255 petition would be

denied.

## II.      The 18 U.S.C. § 3582 Motion

### A.      Legal Standard

"[A] court may reduce a sentence under § 3582(c)(1)(A) only if three conditions are in place: administrative exhaustion[5] (absent waiver or forfeiture by the government); satisfaction of the § 3553(a) factors; and extraordinary and compelling reasons." *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021).  If one of the three requirements is absent, "a district court . . .  need not address the remaining ones."[6] *Id.*

### B.      Mr. Lanier Has Not Demonstrated Extraordinary and Compelling Reasons for a Sentence Modification

Mr. Lanier urges three reasons why his sentence should be reduced.  First, he argues that postconviction changes in the law constitute an extraordinary and compelling reason, apparently referencing the First Step Act's elimination of "stacking" 924(c) charges.[7] *See* Pet. at 14, 22–23. He also argues that his sentence has created an unwarranted disparity between himself and similarly situated defendants.  *Id.* at 19–20.  Finally, he argues that he has been rehabilitated and is "ready to be a productive member of society."  *Id.* at 21.  None of these is an extraordinary and compelling reason that satisfies this requirement of § 3582(c).

---

[5]      The parties disagree whether Lanier exhausted his administrative remedies.  *See* Opp. at 22–23, Dkt. 1844. As Lanier has not demonstrated that his circumstances are extraordinary and compelling, the Court does not reach this dispute.

[6]      The Court notes that Mr. Lanier agreed, as part of his plea agreement, not to "seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c)."  Plea Agreement at 9.  Because the Government did not invoke this waiver in its opposition papers, it has "waived the waiver" with regard to Mr. Lanier's current § 3582 motion.  *See United States v. Serrano*, No. 20–CV–9887, 2022 WL 1443688, at *9 (S.D.N.Y. May 6, 2022).

[7]      For the reasons discussed in Part I.C., *supra*, *United States v. Taylor* is not a "change in the law" as it pertains to Mr. Lanier.  Mr. Lanier also argues that the holding of *Concepcion v. United States*, 597 U.S. 481 (2022), "independently constitutes an extraordinary and compelling reason for this Court to reduce his sentence."  Pet. at 22, Dkt. 1839.  *Concepcion* merely held that "district courts [may] consider intervening changes of law or fact in exercising their discretion" to modify a sentence in granting a motion for compassionate release.  597 U.S. at 500.

In passing the First Step Act, Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for [a] sentence reduction." 28 U.S.C. § 994(t). The Commission did so effective November 1, 2023. Prior to then, however, the Commission had not issued such guidance for defendant-initiated § 3582(c) motions. During the interim period, courts within this District disagreed as to whether § 403 of the First Step Act — which changed the law as it applies to the sentence for a subsequent § 924(c) conviction if both convictions result from the same indictment[8] — independently constituted an extraordinary and compelling reason for a sentence reduction. *Compare United States v. Ballard*, 552 F. Supp. 3d 461, 469 (S.D.N.Y. 2021) ("[T]he First Step Act's abolition of section 924(c)'s mandatory minimum 'stacking' provision establishes, on its own . . . extraordinary and compelling circumstances warranting release.") *with United States v. Robles*, 553 F. Supp. 3d 172, 179 (S.D.N.Y. 2021) "([T]he [First Step Act]'s change of law, when combined with *other* 'extraordinary and compelling' reasons, can constitute sufficient grounds to justify a sentence reduction under § 3582.") (emphasis added).

The Sentencing Commission has now published § 1B1.13(b), which took effect on November 1, 2023. *See United States v. Padilla,* No. 16–CR–317–04, 2024 WL 749566, at *3 (S.D.N.Y. Feb. 23, 2024). That provision is a policy statement, and it sets forth six circumstances that qualify as "extraordinary and compelling circumstances" that may warrant reduction of a defendant's sentence. *See id*. Two are potentially relevant to Mr. Lanier: Section 1B1.13(b)(6), which provides that "[i]f a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason" for a

---

[8]     Because § 403 of the First Step Act is expressly not retroactive, it does not apply to Mr. Lanier's second § 924(c)(1)(C)(i) conviction.  First Step Act of 2018, § 403(b), Pub. L. No. 115–391, 132 Stat. at 5222 (2018).

reduction in sentence; and § 1B1.13(b)(5), which provides that a "circumstance or combination of circumstances" is extraordinary and compelling if, "when considered by themselves or together with any" of the other five reasons listed, it is "similar in gravity" to those five reasons. U.S.S.G. § 1B1.13(b).

Section 1B1.13(b)(6) is inapplicable because, as the Government points out, Mr. Lanier has not "served at least ten years of the term of imprisonment." *See* Opp. at 24 n.9. Mr. Lanier was arrested on January 8, 2016, Disposition Sheet, Dkt. 103, and was sentenced on December 8, 2017, Judgment at 1, Dkt. 1229; the motion for compassionate release was filed on June 12, 2023. Although Mr. Lanier claims to have served "approximately 10 years . . . (if you consider good-time)," Pet. at 8, that is taking a *very* expansive definition of the word "approximately."[9] To the date of this opinion, Mr. Lanier has not yet served ten years of his sentence even if (a) he has received the maximum amount of good time credit and (b) one considers good time when determining whether the defendant has served ten years for purposes of U.S.S.G. § 1B1.13(b).[10]

The First Step Act's elimination of "stacked" 924(c) charges does not, standing alone, provide a basis for a sentence reduction under § 1B1.13(b)(5). As the Commission's Policy Statement itself makes clear, "[e]xcept as provided in [§ 1B1.13(b)(6)], a change in the law . . . shall not be considered for purposes of determining whether an extraordinary and compelling reason exists." U.S.S.G. § 1B1.13(c).

---

[9]     Mr. Lanier was arrested in early January 2016 and has, therefore, served approximately 88 months as of the date of this opinion. Under his "good time" argument, the Court could consider him to have served ten years when he has served 85 percent of ten years (15 percent being the maximum good time credit) or 102 months (120 months x 85 percent = 102 months). By the Court's reckoning, that is more than a year from now.

[10]     Neither is likely. For the reasons discussed below relative to Mr. Lanier's disciplinary record, it is hard to believe that he has not lost some amount of good time. Moreover, there is nothing in the structure or wording of the policy statement that suggests that the Sentencing Commission meant to take into account good time accruals when determining that a defendant might be able to demonstrate "extraordinary and compelling circumstances" based on a change in the law, but only after serving at least ten years.

Nor are the remaining reasons for a sentence reduction to which Mr. Lanier points "similar in gravity" to the circumstances listed by the Commission in § 1B1.13(b). Mr. Lanier cites a number of cases in which defendants whose conduct he characterizes as having been similar to or worse than his own received shorter sentences. Pet. at 18–19. Mr. Lanier does not, however, explain in what way his conduct was comparable to those defendants' conduct. Further, in at least one of the listed cases, *United States v. James Capers*, No. 15-cr-607, 2017 WL 7333261 (S.D.N.Y. June 6, 2017), the defendant received a longer sentence than Mr. Lanier for apparently similar criminal conduct. *See* Pet. at 19. In any event, Mr. Lanier has failed "to show how those decisions, each rendered on a unique set of facts, constrain[] [a] district court's broad discretion to deny" a § 3582 motion.[11] *United States v. Johnson*, 2023 WL 6475329, at *1 (2d Cir. Oct. 5, 2023).

Next, Mr. Lanier claims that his rehabilitation during the course of his imprisonment provides an extraordinary and compelling reason for a sentence reduction. Pet. at 21; Reply at 6, Dkt. 1851. But Congress made clear that rehabilitation *alone* does not constitute an "extraordinary and compelling reason" for a sentence reduction. 28 U.S.C. § 994(t). Even in combination with other factors, however, Mr. Lanier's present degree of rehabilitation would not amount to an "extraordinary and compelling" reason for a sentence modification, given that his record is marred by a series of disciplinary violations, including a 2019 incident in which he was found with "13 dangerous prison-made weapons." Opp. at 25. His most recent disciplinary

---

[11] Mr. Lanier also claims, without further elaboration, that his sentence was "a product of misinterpretation of the law." Pet. at 19. A motion pursuant to 18 U.S.C. § 3582 is not an appropriate vehicle for this claim. *See United States v. Andrews*, No. 01–CR–450, 2023 WL 8477993, at *4 (S.D.N.Y. Dec. 7, 2023) ("[D]efendants cannot use compassionate release as an end-run around a properly filed post-conviction Section 2255 motion or appeal. . . . If in substance [a defendant] attacks his conviction and/or sentence, his filing is subject to the rules set forth in § 2255.") (cleaned up).

violation, resulting from a fight with another inmate, occurred on January 23, 2023. *Id.*, Ex. A at 1.

In spite of his record to date, the Court hopes that Mr. Lanier will earnestly pursue his stated goal of doing "everything in his power to rehabilitate himself." Pet. at 10.  In pursuit of that goal, Mr. Lanier is encouraged to continue participating in Bureau of Prisons programming, as he claims to have in his submissions.  *Id.*  He should also avoid further misconduct while incarcerated.  On that point, the Court is particularly troubled by the seriousness of the 2019 incident.[12]

Because Mr. Lanier has failed to identify an extraordinary and compelling reason for a sentence reduction, the Court does not reach the § 3553(a) factors.  *See Keitt*, 21 F.4th at 73.

## CONCLUSION

For the foregoing reasons, Mr. Lanier's 28 U.S.C. § 2255 petition is DENIED.  Because Mr. Lanier has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue as to his § 2255 petition.  28 U.S.C. § 2253.

Mr. Lanier's motion pursuant to 18 U.S.C. § 3582 motion is also DENIED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and permission to proceed in forma pauperis is, therefore, denied.

---

[12]    Although the Court cannot provide an advisory opinion on how it would rule on a subsequent request for compassionate release, it can provide Mr. Lanier with advice.  Any subsequent motion for compassionate release is unlikely to be well received by the Undersigned if he continues to accrue disciplinary shots for violent conduct.

The Clerk of Court is respectfully directed to mail a copy of this opinion to Mr. Lanier, Reg. No. 69000-054, at USP Atwater, P.O. Box 019001, Atwater, CA 95301, and to note the mailing on the docket.

**SO ORDERED.**

**Date:  April 22, 2024**
     **New York, New York**

**VALERIE CAPRONI**
**United States District Judge**