USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  6/17/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAREEM LANIER,

                              Petitioner,

                -against-

UNITED STATES OF AMERICA,

                              Respondent.

23-CV-4949 (VEC)

15-CR-0537 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS on April 22, 2024, this Court denied Mr. Lanier's Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and denied his motion for compassionate release pursuant to 18 U.S. C. § 3582 ("the Opinion"), *see* Dkt. 1877;

WHEREAS the Opinion was mailed to Mr. Lanier at USP Atwater on April 22, 2024;

WHEREAS on June 13, 2024, Mr. Lanier moved for permission to file an untimely notice of appeal ("Motion"), *see* Dkt. 1886;

WHEREAS Mr. Lanier represents that he received the Opinion on May 1, 2024, and was released from the Special Housing Unit ("SHU") on May 9, 2024, *see* Motion at 1; and

WHEREAS Mr. Lanier represents that he was prepared to file his notice of appeal on May 18, 2024, but USP Atwater was placed on institution lockdown during the week of May 20, 2024, rendering him "unable to use the law library, computer and denied access to the court . . . from May 19, 2024 to May 30, 2024," *see* Motion at 1, 3–4;

WHEREAS Mr. Lanier's deadline to file a notice of appeal is June 21, 2024.  An appeal from an order disposing of a 28 U.S.C. § 2255 motion is governed by Rule 4(a) of the Federal Rules of Appellate Procedure.  Because the United States is a party to the proceeding, Rule 4(a)(1)(B) requires a notice of appeal to be filed within 60 days of the decision being appealed.  Fed. R. App. P. 4(a)(1)(B); *see also Diallo v. United States*, No. 13-cv-6147, 2014 WL 1744177, at *1 (S.D.N.Y. April 28, 2014)

(citing *Williams v. United States,* 984 F.2d 28, 30 (2d Cir. 1993) ("Since the United States is a party to a section 2255 proceeding, the applicable time limit for a notice of appeal is 60 days.")).  Although Mr. Lanier's time to appeal had not expired as of the date of his motion, the Court is mindful that by the time Mr. Lanier receives a copy of this order in the mail, the deadline likely will have expired.

IT IS THEREFORE ORDERED that Mr. Lanier's deadline to file a notice of appeal is extended to **July 5, 2024**.  Federal Rule of Appellate Procedure 4(a)(5) provides that the district court may extend the time for filing a notice of appeal if a party (1) "so moves no later than 30 days after the time prescribed by this Rule 4(a) expires," and (2) "shows excusable neglect or good cause."  Fed. R. App. P. 4(a)(5)(A).  Mr. Lanier has moved for permission to file an untimely notice of appeal, mistakenly thinking that his deadline has passed, and the Court notes that his deadline will likely have passed by the time he receives this order.  Moreover, the Court finds Mr. Lanier has shown excusable neglect, as the institutional lockdown hindered his access to the law library and computer, thereby preventing his ability to file what he believed would have been a timely notice of appeal.  Under 28 U.S.C. § 2107, the district court "may reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal."  28 U.S.C. § 2107.  As such, the Court extends Mr. Lanier's deadline to file a notice of appeal to July 5, 2024, which is fourteen days from June 21, 2024.

The Clerk of Court is directed to mail a copy of this order to Mr. Lanier and to note filing on the docket.

**SO ORDERED**.


Dated:    June 17, 2024
          New York, New York

_____
VALERIE CAPRONI
United States District Judge